**In re James Randy BAXLEY f/d/b/a JRB Farms, Inc., Debtor.**

**Bankruptcy No. 85–01216.**

United States Bankruptcy Court, D. South Carolina.

Sept. 2, 1986.

Henry W. Brown, Quinn, Brown, Arndt & Manning, Columbia, S.C., for debtor.

R. Emery Clark, Asst. U.S. Atty., Vinton D. Lide, U.S. Atty., Columbia, S.C., for FmHA.

## MEMORANDUM AND ORDER

J. BRATTON DAVIS, Bankruptcy Judge.

Before the court is the objection of James Randy Baxley (debtor) to Farmers Home Administration's (FmHA) election, pursuant to 11 U.S.C. § 1111(b)(2) [1], to have a secured claim to the extent it is allowed. Debtor contends that, because FmHA's interest is "of inconsequential value", FmHA is expressly precluded, by § 1111(b)(1)(B)(i), from electing to have its claim be a secured claim to the extent allowed. FmHA argues that its interest is not "of inconsequential value", therefore, § 1111(b)(1)(b)(i) is inapposite.

## FACTS

The values of the debtor's property, both real and personal, have been previously established by order of the court or by stipulation of the parties. Debtor owns real property which has the value and which is subject to mortgages, as follows: [2]

---

**1.** Further references to the Bankruptcy Code are by section number only.

**2.** The debtor owns other real property, but because FmHA does not hold a mortgage on it, it is not relevant to this objection.

| DESCRIPTION | VALUE | 1st MORTGAGE | 2nd MORTGAGE | 3rd MORTGAGE |
| --- | --- | --- | --- | --- |
| 2.10 acres | $91,000. | FLB [3] | FmHA | C & S Bank [4] |
| 32.95 acres | $23,760. plus tobacco allotment | FLB | FmHA | C & S Bank |
| 35 acres | $24,725 plus tobacco allotment | FLB | FmHA | C & S Bank |
| 224 acres | $148,085 plus tobacco allotment | FLB | FmHA | C & S Bank |
| 20.01 acres | $125,000. | FLB | FmHA | C & S Bank |

The value of the tobacco allotment on the property which is subject to FLB's lien is $18,002. The total value of the property securing FLB's claim is $430,572. FLB's claim, exclusive of interest and costs, is $419,176. Therefore, FLB appears oversecured in the amount of $11,396.

The parties have stipulated that FmHA has an interest of $26,500. in the debtor's hog herd.

### ISSUES

Debtor's objection is based on § 1111(b)(1)(B) which states:

A class of claims may not elect application of paragraph (2) of this subsection if—

(i) the interest on account of such claims of the holders of such claims in such property is of *inconsequential value;* .... (emphasis added).

Debtor argues that the interest of FmHA is "of inconsequential value", therefore, FmHA should not be allowed to elect to have its claim secured to the extent allowed. FmHA argues that its interest is not "of inconsequential value".

Therefore, the issues are:

1. What is the interest of FmHA in debtor's property?, and

2. Is that interest "of inconsequential value"?

### I

*What Is the Interest of FmHA in Debtor's Property?*

A threshold issue which the court must decide is: "What does the term 'interest' mean in § 1111(b)(1)(B)(i)?" "[A] class may elect application of section 1111(b)(2) only if the *security* is not of inconsequential value." (emphasis added). *1985 Collier Pamphlet Edition,* p. 537 (Comment, § 1111(b)). This court is of the opinion that "interest", as used in § 1111(b)(1)(B)(i), means the value of the security in which the creditor has a claim.

Debtor and FmHA agree that the amount of FmHA's claim is approximately $362,000. They also agree that, pursuant to the value established by the court, there is equity in the debtor's hog herd in the amount of $28,500. to which FmHA's lien attaches. Their dispute is whether FmHA has an interest in any other property of the debtor (in particular, the $11,396.) which exceeds the claim of FLB. If FmHA has an interest in the $11,396., this amount must be considered along with the $28,500. interest FmHA has in the hog herd to determine whether FmHA's interest is "of inconsequential value". If FmHA does not have an interest in the $11,396., the court must consider whether FmHA's interest is "of inconsequential value" without inclusion of the $11,396. figure.

FmHA posits that, because it has elected under § 1111(b)(2) to have its entire claim be a secured claim, FLB's fees and interest (in excess of $11,396.) should not be includ-

---

**3.** Federal Land Bank

**4.** Citizens and Southern National Bank

ed as part of FLB's secured claim, but that FmHA's lien should attach to the $11,396. As authority for its position FmHA relies on the language of § 1111(b)(2) which provides that "[i]f such an election is made, then *notwithstanding section 506(a)* of this title, such claim is a secured claim to the extent that such claim is allowed." (emphasis added). FmHA argues that the language of § 1111(b)(2) which states "notwithstanding section 506(a)" precludes the addition of FLB's attorney's fees and interest because these are allowed under § 506(b), not § 506(a), and if Congress had intended that fees and interest be included in the claim when a creditor elects under § 1111(b)(2), it would not have limited the language to § 506(a); rather, it would have included § 506(b) as well. The court is not persuaded by that argument.

■  Section 506 provides a method by which secured claims are established based upon the value of the collateral securing the claim. All secured claims are established by this method in bankruptcy unless the secured creditor elects to have his claim secured to the extent allowed pursuant to § 1111(b)(2). It is the opinion of this court that the language "notwithstanding section 506(a)" means that, for purposes of valuing the secured claim of the *electing creditor*, the court must disregard the method of valuing claims under § 506(a), and must value the claim as a secured claim to the extent allowed.

■  Since FmHA, not FLB, is the electing creditor, the court—when addressing FmHA's claim—will disregard the method of valuing claims provided in § 506(a); but the court—when addressing FLB's claim—will not disregard § 506(a) because FLB's secured claim was established pursuant to § 506(a), not § 1111(b)(2).

FLB is oversecured; thus, entitled to reasonable fees and interest as part of its secured claim.

Inasmuch as FLB's mortgage attaches to the $11,396., FmHA has no interest in it. Therefore, the only interest which FmHA has in property of the debtor is the $28,500. interest it has in the debtor's hog herd.

## II

### *Is the interest of FmHA in debtor's property "of inconsequential value"?*

■  The interest of FmHA in the debtor's property (hog herd) is $28,500. The total claim of FmHA being $362,806.29, the interest of FmHA in the debtor's property is approximately eight (8%) percent of its total claim. The debtor pointing out that property does not have to be worthless to be "of inconsequential value", contends that interest worth only eight (8%) percent of the total claim is "of inconsequential value".

In regard to this exception for election under § 1111(b)(2), it is stated in Klee, *All You Ever Wanted to Know About Cram-Down Under the New Bankruptcy Code*, 53 Am.Bankr.L.J. 133, 153 (1976):

> If the lien securing the claims is worthless or of inconsequential value, then the class is ineligible to make the election. An example of such a worthless lien would be a third lien on real estate when the real estate is valued at $1,000. and the first and second liens secured debts of $3,000.

The language is ambiguous in that it refers to the claim as "worthless *or* of inconsequential value", however, the example only contemplates property which is of no value whatsoever.

The following, from 5 *Collier on Bankruptcy*, § 1111.02[4] (p. 1111–26), provides much support for the proposition that the property securing the claim must be of *no* value for a creditor to be ineligible to make the election under § 1111(b)(2):

> In order to qualify to make the election the claimants must have claims which are secured by a lien on property of the estate and their interest, as secured creditors, in such property must not be of inconsequential value. In other words, in order to be eligible for the section 1111(b)(2) election, a creditor must have (i) a "claim," (ii) which is allowed under section 502, (iii) which is secured by a lien on property of the estate, (iv) *which property has a value greater than*

*claims which are secured by liens against the property which are senior to the creditor's lien.* Thus, if the creditor has an allowed claim for $1,000,000. which is secured by a third lien on property which is worth approximately $5,000,000. and which is encumbered by a first mortgage of $3,000,000. and a second mortgage of $4,000,000. the holder of the third mortgage cannot exercise the section § 1111(b)(2) election since his interest in the property securing his claim is of inconsequential value. (emphasis added).

In this case the property "has a value greater than claims which are secured by liens against the property which are senior to the creditor's lien" *Collier, supra,* therefore, FmHA's claim does not come within the exception and FmHA is eligible to elect to have its claim be a secured claim to the extent allowed in § 1111(b)(2). Debtor's objection to FmHA's election to have its claim be a secured claim to the extent allowed should be overruled.

### ORDER

Inasmuch as the court has determined that the interest of FmHA in the property of debtor is not "of inconsequential value", it is

ORDERED, ADJUDGED AND DECREED that debtor's objection to FmHA's election to have is claim be a secured claim to the extent it is allowed is overruled.